UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELMIRO NOGUEIRA DA SILVA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-12931-LTS |
| PATRICIA HYDE et al., | ) ) ) | |
| Respondents. | ) ) | |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

October 17, 2025

SOROKIN, J.

    Elmiro Nogueira da Silva, a citizen of Brazil who is presently in immigration detention, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is ALLOWED to the extent, and for the reasons, explained below.

    Nogueira da Silva entered the United States in 2007 without inspection or valid entry documents, and without encountering federal immigration authorities. Doc. No. 1 ¶¶ 14–15. He is the father of a United States citizen. Id. ¶ 16. On October 7, 2025, ICE officers arrested him at a business in Everett, Massachusetts. Id. He remains in immigration detention.

    The day of his arrest, Nogueira da Silva instituted this action by filing a habeas petition. Doc. No. 1. The petition raises claims similar to those the Court has evaluated in other recent cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The respondents answered the petition today. They "concede that this Court's recent decisions in" Garcia and Encarnacion "(among others) control this case" because "this case is

materially indistinguishable" from those cases.  Doc. No. 9 at 1–2.  Though they disagree with the result the Court reached in those cases, they "incorporate[] by reference" their earlier briefing and suggest that no further argument is necessary before the Court renders a decision.  Id. at 1, 3.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' concessions that Nogueira da Silva is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).  He is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall provide Nogueira da Silva with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[1] 2) the respondents shall not oppose or deny bond to Nogueira da Silva on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and 3) the respondents shall not retaliate against Nogueira da Silva in the context of the bond hearing or otherwise for filing this federal habeas petition.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[1] At the hearing, consistent with the statute and its implementing regulations, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. See Oliveira Gomes, 2025 WL 1869299, at *8.