UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELMIRO NOGUEIRA DA SILVA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-12931-LTS |
| PATRICIA HYDE et al., | ) ) ) | |
| Respondents. | ) ) ) | |

ORDER

November 21, 2025

SOROKIN, J.

On October 17, 2025, the Court entered an Order allowing the habeas petition filed by Elmiro Nogueira da Silva, a citizen of Brazil who is in immigration detention.  Doc. No. 10.  In the Order, the Court explained its determination that Nogueira da Silva was not subject to mandatory detention under 8 U.S.C. § 1225(b), and it granted the following relief:

> 1) the respondents shall provide Nogueira da Silva with a bond hearing under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u> [subject to familiar burdens of proof]; 2) the respondents shall not oppose or deny bond to Nogueira da Silva on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and 3) the respondents shall not retaliate against Nogueira da Silva in the context of the bond hearing or otherwise for filing this federal habeas petition.

<u>Id.</u> at 2 (footnote omitted).  Since that Order issued, the parties have filed a series of three status reports.  Doc. Nos. 11, 13, 15.  Those submissions suggest that the respondents have complied with the above-quoted requirements.

The parties' reports reflect that the respondents scheduled a bond hearing to occur six days after the Order, but Nogueira da Silva withdrew his request for bond when his lawyer did not appear.  Doc. No. 11 at 1.  This was attributed to delay in updating the immigration court's

electronic docket, which prevented timely notice of the hearing from reaching the attorney. Id. Thereafter, a bond hearing was rescheduled for November 17, 2025. Doc. No. 13. On that date, however, Nogueira da Silva again withdrew his request for bond, after his lawyer cited a conflict of interest that required her to cease her representation of him. Doc. No. 15 at 1. (This conflict also apparently prevents the same lawyer from continuing to represent Nogueira da Silva in this action. Id. at 2.) The immigration judge provided Nogueira da Silva additional time to secure replacement counsel, which he intends to do. Id. at 1–2. The most recent status report also asserts that Nogueira da Silva "wishes to continue pursuing the claims raised in the habeas petition" and requests "additional time [to] ensure that new counsel can adequately review the record, confer with [him], and determine how best to proceed." Id. at 2.

In light of the foregoing events, the Court concludes as follows. First, the prior Order allowing the habeas petition and granting the relief quoted above fully resolved Nogueira da Silva's habeas petition to the extent it raised issues and sought relief within the jurisdiction of this Court to provide in this action. Second, nothing before the Court suggests the respondents have failed to comply with the Order. They have twice scheduled bond hearings, which presumably would have proceeded but for Nogueira da Silva's requests for postponement, and the Court infers they will schedule another bond hearing upon Nogueira da Silva's request after he has secured replacement counsel. Third, should the respondents refuse to provide a bond hearing, or should they violate one of the other requirements of the Order (e.g., by seeking to invoke § 1225's mandatory detention provision as a basis for denying bond here), then Nogueira da Silva may return to this Court with a motion seeking to reopen this action and secure a remedy for the respondents' disregard of obligations imposed by this Court in the Order. Unless and until that happens, however, there is nothing left to resolve here.

Accordingly, to the extent the status report asks the Court to leave this matter open or further monitor the progress of the pending immigration court proceedings, that request is DENIED. A separate judgment will issue memorializing the Court's resolution of the habeas petition as expressed in its earlier Order.

    SO ORDERED.

    /s/ Leo T. Sorokin
    United States District Judge